# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## AT ASHLAND
## CIVIL ACTION NO. 14-132-HRW-JGW

JAMES HARRISON                                                      PETITIONER

V.

GARY BECKSTROM, WARDEN                                    RESPONDENT

## REPORT AND RECOMMENDATION

On September 2, 2014, petitioner filed a petition for writ of habeas corpus. Doc. 1. On September 8, 2014, the presiding district judge issued an order deeming the petition to have been filed under 28 U.S.C. §2254. Doc. 5. That order also specifically referred the §2254 petition to this magistrate judge for preparation of a report and recommendation. After examining the record and applicable law, the Court recommends that the petition be transferred to the Sixth Circuit.

The Sixth Circuit related the core facts underlying petitioner's state court conviction as follows: "[o]n October 1, 1986, Harrison was convicted by a Madison (KY) Circuit Court jury of Murder With Aggravating Circumstances following the shooting death of Robert Walker, Police Chief of Irvine, Kentucky. Although charged with a capital offense, Harrison was sentenced to a term of life imprisonment, without the privilege of parole for twenty-five years. The Kentucky Supreme Court affirmed Harrison's conviction on November 25, 1987." *Harrison v. Motley*, 478 F.3d 750, 752 (6th Cir. 2007). In 2002, Kentucky state courts denied petitioner's motion for post-conviction relief. *Id.* at 754. Petitioner then filed his first §2254 petition in November 2003, raising claims based on alleged ineffective assistance of counsel. *Id.* The Sixth Circuit affirmed the district court's denial of relief in 2007.

1

In May 2010, the Sixth Circuit denied petitioner's request to file a second §2254 petition based upon, among other things, challenges to the constitutionality and propriety of petitioner's life without possibility of parole for twenty-five years sentence. *See* Doc. 22-1, p.2 in Sixth Circuit Case 09-6057 ("Harrison argues that (1) his sentence, life imprisonment without the possibility of 'probation or parole' for twenty-five years, cannot be executed and constituted a fraud upon the jury, rendering the criminal judgment void; (2) the sentence is unconstitutional in various respects, i.e., it is based on a vague and overbroad statute (Ky. Rev. Stat. § 532.025) and violates due process and the Eighth Amendment; (3) section 532.025 violates the principle of separation of powers . . . . Harrison's claims do not rely on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). Nor do the claims establish Harrison's actual innocence under the stringent standard set forth in § 2244(b)(2)(B). Thus, Harrison fails to demonstrate an entitlement to relief."). In September 2012, the Sixth Circuit again denied another request by petitioner to file a second or subsequent §2254 petition based upon the same basic allegations. *See* Doc. 30-1, p.2 in Sixth Circuit Case 11-6204 ("Harrison raises the same issue that he raised in the 2009 motion [for leave to file a second or successive §2254 petition]. He argues that the Kentucky Department of Corrections improperly increased his sentence from life without the 'benefit' of parole until he has served twenty-five years to life without the 'possibility' of parole until he has served twenty-five years. Harrison's claim does not rely on any new rule of constitutional law, promulgated and made retroactive by the Supreme Court. § 2244(b)(2)(A). Nor does Harrison's claim seek to establish his actual innocence under

§ 2244(b)(2)(B). Thus, Harrison failed to demonstrate an entitlement to relief.").[1]

28 U.S.C. §2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." However, "[t]he Supreme Court has made clear that not every numerically second petition is 'second or successive' . . . ." *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). Therefore, out of an abundance of caution and to ensure that this action was not improvidently transferred to the Sixth Circuit Court of Appeals based upon a then-incomplete record, the Court permitted petitioner's §2254 petition to be fully briefed.[2] However, after examining the briefs, the record of petitioner's previous cases and the applicable law, it is apparent that this is a successive petition as the claims raised herein are materially indistinguishable from those raised in petitioner's previous filings. This Court therefore must transfer the petition to the Sixth Circuit for consideration of whether petitioner will be granted permission to file a second or successive petition.[3]

---

[1] In addition to his multiple habeas filings, in 2013 petitioner filed a §1983 action in the United States District Court for the Western District of Kentucky raising the same basic allegations regarding the constitutionality of his sentence. Case 3:13-cv-00386-CRS. The district court dismissed the case in 2013 (*see* 2013 WL 1964806); in August 2014 the Sixth Circuit dismissed petitioner's appeal for lack of prosecution. *See* Sixth Circuit Case 14-5749.

[2] One reason the Court cautiously permitted the matter to be fully briefed was because petitioner argued that the pending petition was not successive because this was the first opportunity petitioner had to raise these claims. According to petitioner, he lacked standing to challenge the constitutionality of his sentence until he had been incarcerated for twenty-five years, which petitioner alleges occurred in January 2011. Doc. 13, p. 1-2. Regardless of the questionable merits of petitioner's idiosyncratic interpretation of the standing doctrine, his argument that he could not have raised his claims previously is belied by the fact that he has already raised the same core issues in both the Sixth Circuit and Western District.

[3] The fact that petitioner has already unsuccessfully sought leave to file a second or successive §2254 based on the same basic issues raised in the current petition may diminish petitioner's ultimate odds of obtaining relief but transfer is mandatory nonetheless. *See, e.g., Sherman v. Sims*, 2014 WL 6850769, at *2 (E.D.Ky. Dec. 3, 2014)

Accordingly,

**IT IS RECOMMENDED**:

The §2254 petition (doc. 1) should be **transferred to the Sixth Circuit Court of Appeals** to determine under 28 U.S.C. §2244 whether petitioner should be granted leave to file a second or subsequent §2254 petition.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 10th day of December, 2014.



Signed By:

**_J. Gregory Wehrman_**

**United States Magistrate Judge**

---

("Unless the Court of Appeals has authorized the filing of a 'second or successive' petition, a district court must transfer the petition to the Sixth Circuit no matter how meritorious the claim may be.").