UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT ASHLAND
CIVIL ACTION NO. 14-132-HRW-JGW

JAMES HARRISON                                                                PETITIONER

V.

GARY BECKSTROM, WARDEN                                         RESPONDENT

REPORT AND RECOMMENDATION

On September 2, 2014, petitioner filed a petition for writ of habeas corpus. Doc. 1. On September 8, 2014, the presiding district judge issued an order deeming the petition to have been filed under 28 U.S.C. §2254. Doc. 5. That order also specifically referred the §2254 petition to this magistrate judge for preparation of a report and recommendation.

After examining the record and applicable law, the Court recommended that the petition be transferred to the Sixth Circuit as a successive petition. Doc. 15. The district judge adopted the report and recommendation in January 2015 and transferred the matter to the Sixth Circuit. Doc. 19. In September 2015, the Sixth Circuit issued an order holding that though the petition was numerically second or more it was not truly successive, meaning that petitioner did not need the appellate court's permission to proceed in this Court. Doc. 29. Thereafter the Court permitted the parties to file supplemental briefs, which they have done. Docs. 37, 41. The §2254 petition is thus ripe for adjudication. After examining the record and applicable law, the Court recommends that the petition be denied.

**I. Factual and Procedural History**

In its opinion involving a prior habeas petition, the Sixth Circuit related the core facts underlying petitioner's state court conviction as follows: "[o]n October 1, 1986, Harrison was

1

convicted by a Madison (KY) Circuit Court jury of Murder With Aggravating Circumstances following the shooting death of Robert Walker, Police Chief of Irvine, Kentucky. Although charged with a capital offense, Harrison was sentenced to a term of life imprisonment, without the privilege of parole for twenty-five years. The Kentucky Supreme Court affirmed Harrison's conviction on November 25, 1987." *Harrison v. Motley*, 478 F.3d 750, 752 (6th Cir. 2007). After his direct appeal was unsuccessful, petitioner began a series of efforts to obtain post-conviction relief.

In 2002, Kentucky state courts denied petitioner's first motion for post-conviction relief. *Id.* at 754. Petitioner then filed his first §2254 petition in this Court November 2003, raising claims based on alleged ineffective assistance of counsel. *Id.* The Sixth Circuit affirmed this Court's denial of relief in 2007. *Harrison*, 478 F.3d 750.

In May 2010, the Sixth Circuit denied petitioner's request to file a second §2254 petition based upon, among other things, challenges to the constitutionality and propriety of petitioner's sentence. *See* Doc. 22-1, p.2 in Sixth Circuit Case 09-6057.[1] In March 2011, petitioner appeared before the state parole board, which denied parole and ordered a sixty-month deferment of future parole consideration. *Harrison v. Harrod*, 2014 WL 631695, at *1 (Ky.App. Feb. 14, 2014). Petitioner appealed the parole board's decision to the Franklin Circuit Court, "argu[ing] that

---

[1] Specifically, the Sixth Circuit held:
> Harrison argues that (1) his sentence, life imprisonment without the possibility of 'probation or parole' for twenty-five years, cannot be executed and constituted a fraud upon the jury, rendering the criminal judgment void; (2) the sentence is unconstitutional in various respects, i.e., it is based on a vague and overbroad statute (Ky. Rev. Stat. § 532.025) and violates due process and the Eighth Amendment; (3) section 532.025 violates the principle of separation of powers . . . . Harrison's claims do not rely on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2244(b)(2)(A). Nor do the claims establish Harrison's actual innocence under the stringent standard set forth in § 2244(b)(2)(B). Thus, Harrison fails to demonstrate an entitlement to relief.

Doc. 22-1, p.2 in Sixth Circuit Case 09-6057.

KRS [Kentucky Revised Statute] 532.030 guarantees him parole after serving 25 years of his sentence." *Id.* The Franklin circuit court dismissed the petition and petitioner appealed to the Kentucky Court of Appeals.

Meanwhile, while the state proceedings were ongoing, petitioner again sought relief in federal court. In September 2012, the Sixth Circuit denied another request by petitioner to file a second or subsequent §2254 petition based upon similar allegations raised in his previous request for leave to file a second §2254 petition. *See* Doc. 30-1, p.2 in Sixth Circuit Case 11-6204.[2] In 2013 petitioner filed a §1983 action in the United States District Court for the Western District of Kentucky, again raising allegations regarding the constitutionality of his sentence. *See* Case 3:13-cv-00386-CRS. The district court dismissed the case in May 2013 (*see Harrison v. Breshear* [sic], 2013 WL 1964806 (W.D. Ky. May 10, 2013); in August 2014 the Sixth Circuit dismissed petitioner's appeal therefrom for lack of prosecution. *See* Sixth Circuit Case 14-5749.

In February 2014, the Kentucky Court of Appeals issued its opinion affirming the Franklin circuit court's denial of petitioner's appeal of the parole board's decision, concluding that "[a]fter serving 25 years of his sentence, Appellant becomes eligible for parole, he is not guaranteed parole." *Harrison*, 2014 WL 631695, at *1. Petitioner filed the §2254 petition at

---

[2] Specifically, the Sixth Circuit held:
>Harrison raises the same issue that he raised in the 2009 motion [for leave to file a second or successive §2254 petition]. He argues that the Kentucky Department of Corrections improperly increased his sentence from life without the 'benefit' of parole until he has served twenty-five years to life without the 'possibility' of parole until he has served twenty-five years. Harrison's claim does not rely on any new rule of constitutional law, promulgated and made retroactive by the Supreme Court. § 2244(b)(2)(A). Nor does Harrison's claim seek to establish his actual innocence under § 2244(b)(2)(B). Thus, Harrison failed to demonstrate an entitlement to relief.

Doc. 30-1, p.2 in Sixth Circuit Case 11-6204.

hand in September 2014.  Doc. 1.  The matter is now before the Court for a merits decision based upon the Sixth Circuit's order concluding that the pending petition was not successive in nature.[3]

## II. Analysis

### A. Claim Raised

The gist of petitioner's prolix petition and supplementary pleadings is his contention that he was entitled to parole after completing twenty-five years' imprisonment.  Specifically, petitioner interprets the relevant statute in effect at the time of his sentencing referring to the "benefit" of parole to be a guarantee that petitioner would be released on parole after serving twenty-five years in prison.  *See* doc. 1, p. 6-7 ("The fixing of this particular sentencing option imposed and guaranteed a state created, and state provided, liberty entitlement that Petitioner would not be deprived of his liberties in confinement after the expiration of twenty-five (25) years of his sentence.").  Therefore, according to petitioner, Kentucky officials are negating the jury's sentence by refusing to release him.  *See, e.g.*, doc. 37, p. 2-3 ("The minumum [sic] term of twenty-five (25) years expired on or about January 17, 2011. However, rather than adhere and honor the capital sentencing structure under which Harrison's sentence was fixed, Harrison thereafter remained under unlawful executive detention by executive agents exercising power beyond their statutory authority imposing or re-sentencing Petitioner to the enhanced penalty of 'life without a possibility of an eligibility to parole after twenty-five (25) years.'").

---

[3] Respondent contends in his supplemental brief that the petition should be denied as being successive.  The Court notes that the Sixth Circuit's recent opinion finding that the petition was not successive puzzlingly did not discuss some of petitioner's previous federal habeas proceedings, particularly Sixth Circuit case 11-6204, which was filed after petitioner was denied parole. Nonetheless, this Court must abide by the Sixth Circuit's conclusion that the petition at hand is not successive in nature.

### B. Standard of Review

The Supreme Court has made plain the steep hurdle a §2254 petitioner faces in federal court. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) . . . [a federal] court ha[s] no power to afford relief unless [a petitioner] could show either that the [state court's] decision affirming the conviction 'was contrary to, or involved an unreasonable application of,' clearly established federal law as reflected in the holdings of this Court's cases, 28 U.S.C. § 2254(d)(1), or that it 'was based on an unreasonable determination of the facts' in light of the state court record, § 2254(d)(2)." *Cavazos v. Smith*, ___ U.S. ___, 132 S.Ct. 2, 6 (2011). Accordingly, "[u]nder § 2254(d), a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To underscore the high hurdle a petitioner must cross in order to merit habeas relief, the Court reiterated that "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* "If this standard is difficult to meet, that is because it was meant to be. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102-103.

### C. Discussion

Though the petition casts its argument on an alleged deprivation of his federal constitutional-based liberty rights, the issue more accurately involves whether a state statute

5

guarantees petitioner a right under Kentucky state law to receive parole after having served twenty-five years. Petitioner is, of course, not entitled to federal habeas relief for any violation of Kentucky state law. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law . . . ."). Moreover, the Sixth Circuit has held that "there is no fundamental right to parole under the federal constitution." *Jackson v. Jamrog*, 411 F.3d 616, 619 (6th Cir. 2005).[4]

Even if the petition is construed generously to state a cognizable federal claim, petitioner is not entitled to relief. The Kentucky Court of Appeals succinctly held that there is no state right to parole for Kentucky prisoners. *Harrison*, 2014 WL 631695, at *1.[5] Petitioner has not met his burden to show an error in that ruling of sufficient magnitude to obtain federal habeas relief. As respondent cogently notes in his supplemental brief on remand:

> The decision of the Kentucky Court of Appeals is not contrary to nor an unreasonable application of clearly established United States Supreme Court precedent. Harrison does not argue otherwise. Moreover, the state court's interpretation of state law is binding upon a federal habeas court. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), citing *Rose v. Hodges*, 423 U.S. 19, 21-22 (1975).

Doc. 41, p. 7.

Petitioner has cited to no binding authority to support his idiosyncratic statutory interpretation. Consequently, petitioner has not shown the Kentucky court's "decision affirming the conviction [or denial of parole] 'was contrary to, or involved an unreasonable application of,'

---

[4] The Sixth Circuit has also made plain that the denial of parole does not create a claim under the Eighth Amendment's prohibition of cruel or unusual punishment. *Carnes v. Engler*, 76 Fed.Appx. 79, 81 (6th Cir. 2003).

[5] *See also, e.g., Garland v. Commonwealth*, 997 S.W.2d 487, 490 (Ky.App. 1999) (holding that "the appellant does not have a right to parole, and the Parole Board can never be required to release the appellant before the completion of his maximum sentence.") (citations omitted).

6

clearly established federal law as reflected in the holdings of this [United States Supreme] Court's cases, 28 U.S.C. § 2254(d)(1), or that it 'was based on an unreasonable determination of the facts' in light of the state court record, § 2254(d)(2)." *Cavazos*, 132 S.Ct. at 6. Consequently, respondent is not entitled to federal habeas relief.[6]

### III. Recommendation

Accordingly,

**IT IS RECOMMENDED**:

The §2254 petition (doc. 1) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

---

[6] Denying habeas relief based upon the current petition comports with the Sixth Circuit's 2012 decision to deny petitioner's request for leave to file a second or successive habeas petition in case 11-6204.

7

This the 18th day of November, 2015.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge